## LOUIS FARMER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. PRACTICE—*in a proceeding under repealed statute, the practice is governed by the laws in force.* Although prosecutions and rights of action under repealed statutes are preserved, yet they must be carried on, after the repealing law takes effect, in conformity with the law then in force. The repealed statute furnishes the right of action or prosecution, but not the practice or mode of procedure.

2. Therefore, where an indictment was found before the R. S. of 1874 took effect, and which repealed the statute under which the indictment was found, saving, however, the right to proceed for any violation of the repealed statute, it was *held,* that the laws of 1874 governed as to the manner of applying for a change of venue.

3. INTOXICATING LIQUOR—*sale to minor.* Upon indictment for selling intoxicating liquor to a. minor, without authority from his parents or guardian, it does not matter that the defendant did not know that such person was a minor. He is bound to know whether such person is a minor or not.

WRIT OF ERROR to the Circuit Court of Macon county ; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. CHAS. C. McCOMAS, State's Attorney, for the People.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

At the May term, 1874, of the Macon circuit court, an indictment was found and presented by the grand jury against plaintiff in error, for selling intoxicating liquor to a minor. The indictment contained six counts. A trial was had before the court and a jury, resulting in a verdict of guilty on each of the counts. A motion for a new trial was entered, but overruled by the court, when defendant was sentenced to ten

days' imprisonment in the county jail under each count, and was fined in the sum of $20 under each count. Defendant thereupon prosecutes this writ of error, and asks a reversal of the judgment.

At the August term, 1874, of the court, plaintiff in error applied to the court for a change of venue, on account of the prejudice of the judge of that court. The application was made under the 21st section of the chapter entitled "Venue," R. S. 1874, p. 1095, and it seems in all things to have complied with the requirements of that section. But the circuit judge denied the motion, as we suppose, because the indictment was found before the revised code went into effect, and under the supposition that the laws of 1845 and 1861 governed the application.

The fourth section of the chapter entitled "Statutes," R. S. 1874. p. 1012, provides that " No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done. * * * save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding."

The sixth section of the same act, R. S. 1874, p. 1046, provides that "The repeal of the acts and parts of acts mentioned in the preceding section shall not affect suits pending or rights existing at the time this act takes effect." This latter provision, it is true, saves all rights, and declares that the repeal of the law under which the offense was committed shall not affect suits pending or rights existing when the new law takes effect, but it does not declare that the suit shall proceed and be tried under the old law. There is manifestly a broad distinction between a suit, and the practice or rules by which the suit shall be tried. The design of this provision was, to prevent suits and proceedings under statutes,

whether in favor of the people or of individuals, from abating, and the rights claimed thereunder from being lost.

As a general rule, the repeal of a law under which a penalty has been incurred, unless there be a saving clause, defeats the right, unless it has been pursued to a judgment. This enactment was obviously intended to prevent such results.

This becomes more manifest when considered in the light of the provision contained in the fourth section, which, we have seen, provides that, in all such suits, the proceedings shall conform thereafter, so far as practicable, to the laws in force at the time of such proceeding. This, although not clearly expressed, means that, although the suit or prosecution may have been commenced under the repealed law, it shall, after the repealing law takes effect, proceed in conformity with the law then in force. If this be the true construction, and of it we have no doubt, then the practice prescribed by the act of 1874, after it went into effect, governed. The previous acts governed until the revision went into effect, from which time it controlled. The application for a change of venue was, therefore, properly made, and should have been granted.

It is also urged that the court erred in instructing the jury that it did not matter whether plaintiff in error knew the person to whom he sold liquor was a minor, or not, as he was bound to know he was selling to a person to whom the law prohibited him to sell. We see no error in this. It is unlawful to sell without a license, and he, when a license was granted to him, took it upon the condition, among others, that he would not sell to a minor, without authority from parents or guardians. He impliedly undertook to perform the condition. It, then, was incumbent upon him, in performing his duty, to learn and know whether he was violating his undertaking. It is not as though it was lawful to sell generally. Being unlawful to sell to any and all classes, he applied for and obtained a license to sell only to a portion of the community,

and he must see that he sells to only such as is permitted by his license.  If a different construction were given to the statute, as contended for, it would almost amount to an abrogation of this prohibition, as knowledge would be difficult to prove in a large number of cases.  We gave the construction to this act that was given by the court below, in the case of *McCutcheon* v. *The People*, 69 Ill. 601, and we see no reason to alter or modify the decision there made.

But, for the error indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*