(No. 11672.—Reversed and remanded.)

THE PEOPLE *ex rel.* Curtis W. Hackman *et al.* Appellees, *vs.* HENRY J. GUNN *et al.* Appellants.

*Opinion filed December 19, 1917.*

QUO WARRANTO—*when a judgment of ouster must be reversed.* Where an appeal is perfected from a judgment of ouster against the members of a board of education of a high school district before the passage of the curative act of 1917, the judgment, even though correct when entered, must be reversed if the district comes within the provisions of the act, as the act is valid and effective to legalize the organization of districts which it purports to affect. (*People* v. *Madison,* 280 Ill. 96, and *People* v. *Dix,* id. 158, followed.)

APPEAL from the Circuit Court of Putnam county; the Hon. CLYDE E. STONE, Judge, presiding.

GEORGE W. HUNT, for appellants.

JAMES E. TAYLOR, State's Attorney, and BARNES & MA-GOON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The State's attorney of Putnam county, on the relation of Curtis W. Hackman and others, on March 20, 1917, filed in the circuit court of that county an information in the nature of *quo warranto* against Henry J. Gunn and six others, charging them with usurping the offices of president and members of the board of education of Township High School District No. 535, in that county, and requiring them to show by what warrant they claimed to hold those offices and exercise the corporate franchise. The respondents filed a plea setting up in detail the organization of the high school district under the Township High School act of June 5, 1911. To this plea demurrers were sustained and judgment of ouster was entered, from which judgment the respondents prayed and perfected an appeal to this court.

Since the perfecting of this appeal the General Assembly has passed an act, with an emergency clause, to legalize the organization of certain high school districts, which act was approved and became effective June 14, 1917. It is contended on the part of respondents that this was a valid enactment and validated the organization of the high school district. Appellees insist that this act is unconstitutional. In *People* v. *Madison,* 280 Ill. 96, *People* v. *Dix,* id. 158, *People* v. *Howell,* id. 477, *People* v. *Fifer,* id. 506, *People* v. *Stitt,* id. 553, and other cases recently decided, we have considered this question and held that this curative act is valid and effective to legalize the organization of the high school districts which it purported to affect. The same grounds which are urged in support of the claim that the act is unconstitutional and void were presented in those cases. We are bound to dispose of the case under the law in force when our decision is rendered and not as it was at the time of the judgment in the circuit court. (*People*

v. *Madison, supra; People* v. *Dix, supra.*)   While the circuit court followed the law as it then existed and correctly held that the district had not been legally organized, we must hold, in accordance with the curative act, that Township High School District No. 535 is legally organized.

The judgment of the circuit court is reversed and the cause remanded, with directions to overrule the demurrers to the plea.    *Reversed and remanded, with directions.*

---

(No. 11735.—Reversed and remanded.)
WILLIAM MASON, Appellant, *vs.* LOUISA H. GRIFFITH *et al.*
Appellees.

*Opinion filed December 19, 1917.*