(No. 11723.—Reversed and remanded.)

The People ex rel. Olden C. Cofoid, County Collector, Appellant, vs. The New York Central Railroad Company, Appellee.

*Opinion filed February 20, 1918.*

1. Practice—*when Supreme Court must decide case according to law then existing.* Where the law authorizing a judgment of ouster in *quo warranto* is changed pending an appeal, the Supreme Court must decide the case according to the existing law and not according to the law as it existed when the judgment of the lower court was rendered. (*People* v. *Gunn,* 281 Ill. 244, followed.)

2. Taxes—*the act of 1917 validated high school taxes.* The act of 1917, curing defects in the organization of high schools coming within its terms, validated the boards of education, and the acts attempted to be performed by them under the general School law, in all cases where such boards had not been previously adjudged illegal in *quo warranto* proceedings, or where, if adjudged illegal, the cases were pending on appeal. (*People* v. *Mathews, ante,* p. 85, and *People* v. *Leigh, ante,* p. 17, followed.)

Appeal from the County Court of Putnam county; the Hon. Daniel H. Gregg, Judge, presiding.

James E. Taylor, State's Attorney, (Geo. W. Hunt, of counsel,) for appellant.

WATTS A. & CAREY R. JOHNSON, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant made application at the June term, 1917, of the county court of Putnam county, for judgment and order of sale of appellee's real estate for delinquent taxes levied for high school purposes in Township High School District No. 535, in said county, for the year 1916. The objections thereto were sustained and judgment denied on June 9, 1917, and appellant prayed an appeal to this court. Subsequently the legislature passed the validating act of June 14, 1917, which then became effective. On June 16, 1917, appellant filed a motion to vacate the order of the court sustaining the objections, insisting that the curative act validated the high school district and the acts of the high school board in levying said taxes. On June 23, 1917, the court overruled the motion and again sustained the objections of appellee and denied judgment. This appeal was perfected.

It is agreed that appellant made a *prima facie* case for judgment; that said school district was organized June 5, 1916, under section 6 of the act of June 5, 1911, which act was declared invalid by this court in the case of *People* v. *Weis,* 275 Ill. 581; that said board of education was elected in the territory comprising said district June 17, 1916, and on June 22, 1916, the members met and organized as required by law; that thereafter they pretended to assume, do and perform the powers delegated to a township high school board of education under the general School law until April 21, 1917, at which time a judgment of ouster was entered against them in the circuit court of said county in a certain suit then and there pending, entitled *People* v. *Gunn,* said proceeding being an information in the nature of *quo warranto;* that they then and there, in pursuance and in compliance with an order of the circuit court in said cause, prayed and perfected an appeal to this

court; that said board rented a building and conducted a high-school therein for the years 1916 and 1917, employed teachers, purchased a laboratory, supplies, guides and text books, and contracted for and extended the credit of the district to pay the teachers and for supplies, books, rent, etc.

Appellee's objections to said taxes are, that said high school district was organized under the void act of June 5, 1911; that the township high school board of education and the high school district had no legal existence, as held by the circuit court under the information, and that said taxes are for those reasons illegal and void.

Since the perfection of the appeal in this case this court has considered said case of *People v. Gunn*, 281 Ill. 244, wherein it was held that we were bound to dispose of the case under the law in force at the time our decision was rendered and not as it was at the time of the judgment in the circuit court. The district in that case was held to be legally organized by virtue of the curative act and the judgment of the circuit court was reversed. It was also held by this court in *People v. Mathews*, (*ante*, p. 85,) *People v. New York Central Railroad Co.* (*ante*, p. 19,) *People v. Leigh*, (*ante*, p. 17,) *People v. Illinois Central Railroad Co.* (*ante*, p. 23,) and in other cases decided at the last term of this court, that the General Assembly had the power to validate boards of education elected under the void act of June 5, 1911, and that the validating act did validate all such school boards and every act of such boards of education attempted to be performed by them under the general School law, in all cases where such boards had not been previously adjudged illegal in *quo warranto* proceedings, or in all such cases where said boards had been adjudged illegal and ousted by some lower court or courts and which cases were pending on appeal in this court. For the reasons assigned in the cases cited the judgment of the county court is held to be erroneous and the taxes not subject to the objections raised thereto by appellee.

The judgment is reversed and the cause is remanded, with directions to the lower court to enter judgment for said taxes and an order of sale against appellee's property.

*Reversed and remanded, with directions.*