## The People of the State of Illinois, Defendant in Error, v. John E. Speroni, Plaintiff in Error.

### Gen. No. 8,650.

 Opinion filed February 19, 1934.

ARTHUR H. SHAY and ROBERT W. BESSE, for plaintiff in error.

Otto Kerner, Attorney General, L. L. Winn, State's Attorney, and Jacob Cantlin, Assistant State's Attorney, for defendant in error.

Mr. Justice Huffman delivered the opinion of the court.

Plaintiff in error was convicted at the December term, 1932, of the county court of Whiteside county upon two counts of an information, charging him with violation of the Illinois Prohibition Act. The first count charged defendant in error with unlawful possession of intoxicating liquor, and the second count charged him with unlawfully selling intoxicating liquor. He was found guilty upon both counts and a fine was assessed against him of $750, upon each count, and he was sentenced to serve 90 days in jail, upon each count. The defendant below prosecutes this writ of error urging divers causes for reversal.

Since the conviction herein, and pending this writ of error, the act under which the defendant in error was convicted has been repealed without a saving clause in favor of prosecutions then pending for violations of said act, committed prior to its repeal. As stated in *Vance v. Rankin*, 194 Ill. 625, the court of review will take judicial notice of said repeal, and "It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect, it cannot be after. If a case is appealed, and pending the appeal, the law is changed, the Appellate Court must dispose of the case under the law in force when their decision is rendered. The effect of the repeal of a statute is to obliterate the statute repealed as completely as if it had never been passed, and it must be considered as a law that never existed, except for the purposes of those actions or

suits which were commenced, prosecuted and con-
cluded while it was an existing law. This rule holds
true until the proceedings have reached a final judg-
ment in the court of last resort, for that court, when
it comes to pronounce its decision, conforms it to the
law then existing, and may therefore reverse a judg-
ment which was correct when pronounced in the sub-
ordinate tribunal from whence the appeal was taken,
if it appears that pending the appeal a statute which
was necessary to support the judgment of the lower
court has been withdrawn by an absolute repeal.''
*Vance v. Rankin, supra*, 627, 628.

It was further said in the above case on page 629
of the opinion, ''the repeal of a statute conferring ju-
risdiction takes away all right to proceed thereunder
unless it is expressly saved, and it carries with it all
prosecutions pending thereunder, and except for the
purposes of such suits as are begun, prosecuted and
concluded while it is an existing law, the statute re-
pealed is as if it never existed.''

In the case of *Merlo v. Johnston City & Big Muddy
Coal & Mining Co.*, 258 Ill. 328, the court on pages 332,
333, of its opinion states: ''The effect of repealing
statutes upon pre-existing causes of action has been
frequently considered by the courts of this and other
jurisdictions and certain rules applicable thereto have
become well established. It is a well settled rule of
the common law that if a statute giving a special
remedy is unconditionally repealed without a saving
clause in favor of pending suits, all actions must stop
where the repeal finds them, and if final relief has not
been granted before the repeal went into effect, it can-
not be afterwards. Where a case is appealed and
pending the appeal the legislature changes the law
upon which the action is based, the Appellate Court
must dispose of the case under the law in force when
its decision is rendered.'' The following cases are to

the same effect: *People v. Madison,* 280 Ill. 96; *People v. Gunn,* 281 Ill. 244; *People v. New York Cent. R. Co.,* 282 Ill. 458; *Wall v. Chesapeake & Ohio Ry. Co.,* 290 Ill. 227; *McCann v. Retirement Board,* 331 Ill. 193, 202.

It is with reference to statutes defining crimes and providing their punishment that repeals operate with the utmost freedom. It is said that in such cases the extinction of the statute is understood to be an indication that the sovereign power no longer desires the former crime to be punished or regarded as criminal, 25 R. C. L. 941; and further, if a penal statute is repealed pending an appeal or writ of error, and before the final action of the Appellate Court, it will prevent an affirmance of a conviction, and the prosecution must be dismissed or the judgment reversed. 25 R. C. L. 942.

It was held in the case of *Keller v. State,* 12 Md. 322, that where a criminal statute was repealed without a saving clause, pending an appeal by defendant, from a conviction thereunder, such defendant could not be convicted under the act after the same was repealed, in the absence of a saving clause, and it was said that the court of review must take notice of the law as it existed at the time of its final judgment, and that this principle applied where the law was repealed pending an appeal or writ of error from the judgment of an inferior tribunal. This same rule is observed in *State v. Thomas,* 149 La. 654; *Kansas v. Clark,* 68 Mo. 588.

The judgment in a criminal case cannot be considered as final and conclusive pending the removal of the cause to a court of review. If this were not so, there would be no use taking the appeal or suing out the writ of error. We are of the opinion that where the act appealed from is repealed, during the pendency of such appeal, and without a saving clause as to pend-

ing cases thereunder, a court of review is bound to consider such cases and decide them in accordance with the law at the time of its final judgment; and in the absence of any saving clause as to pending suits for violation, the court of review is without power to pronounce, enforce or inflict punishment for the violation of a statute that no longer exists and for which no punishment is provided by law.

There is no vested right in a public law which is not in the nature of a private grant. *Wall v. Chesapeake & Ohio Ry. Co.*, 290 Ill. 227, 232. The legislature clearly had the right to abrogate the act in question, and we do not consider that any vested right existed thereunder, by virtue of sec. 4 of ch. 131 of the statute, Cahill's St. ch. 131, ¶ 4, after the absolute repeal of such act by the legislature, without any provision as to prosecutions then pending.

It was stated by the Supreme Court of Illinois in *Wall v. Chesapeake & Ohio Ry. Co., supra,* on page 232 of its opinion, as follows: "It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect it cannot be after. If a case is appealed and pending the appeal the law is changed, the Appellate Court must dispose of the case under the law in force when its decision is rendered. The effect of the repeal of a statute is to obliterate the statute repealed as completely as if it had never been passed, and it must be considered as a law that never existed, except for the purposes of those actions or suits which were commenced, prosecuted and concluded while it was an existing law. Pending judicial proceedings based upon a statute cannot proceed after its repeal. This rule holds true until the proceedings have reached a final judgment in the court of last resort, for that

court, when it comes to pronounce its decision, conforms it to the law then existing, and may therefore reverse a judgment which was correct when pronounced in the subordinate tribunal from whence the appeal was taken, if it appears that pending the appeal a statute which was necessary to support the judgment of the lower court has been withdrawn by an absolute repeal.''

It is urged by defendant in error that the prosecution in this case is saved by sec. 4 of ch. 131 of Cahill's Revised Statutes of Illinois. This section reads as follows: ''No new laws shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the Act making any new provision upon the same subject or in any other Act.''

It will be observed that this section begins with the words: ''No new law shall be construed . . . ,'' and further on in the section, contains the following verbiage, ''or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the

time of such proceedings.'' From the reading of this section we believe it is intended to apply only to new acts of legislation amending existing acts, or to subsequent legislation which by repugnant provisions therein repeals or changes certain portions of an existing act. We do not understand that this section contemplates a complete extinction of an old act, without any new or subsequent legislation created to take its place. Therefore, it does not apply in this instance.

The Supreme Court of this State in the case of *Farmer v. People,* 77 Ill. 322, on page 324 of its opinion, in referring to this section and in construing the meaning thereof, states that the same, ''although not clearly expressed, means that, although the suit or prosecution may have been commenced under the repealed law, it shall, after the repealing law takes effect, proceed in conformity with the law then in force.'' It is thus manifest that said sec. 4 was construed to apply only where the repealing act is of an amendatory nature, or a new act upon the same subject matter, containing provisions repugnant to the existing act, which by their very nature, effect a repeal of those provisions in such former act. This same section was under consideration by the Supreme Court in the case of *People v. Zito,* 237 Ill. 434, in which case an amendatory act having to do with the regulation of the practice of pharmacy, was involved. The defendant was convicted and during the pendency of his appeal and while the case was before the Appellate Court for its decision, the legislature amended the section of the statute under which the defendant was being prosecuted. The defendant entered his motion in the Appellate Court to have the judgment reversed on grounds that the amendatory act operated as a repeal of the sections under which he was being prosecuted, and that such amendatory act contained no saving clause for pending prosecutions under the old act. It

was there held that the amendatory act did not purport to repeal the sections under which defendant was being prosecuted, but only provided for more stringent provisions against the sale of cocaine. In that case, the court in its opinion on page 438, in referring to said sec. 4 of ch. 131, states: "It provides that certain rules shall be observed unless the construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute, and there have been some cases where it could not be applied." The above court in the same case on page 439 of its opinion, after again stating that the provisions of sec. 4 are only to be observed where such construction would not be inconsistent with the manifest intent of the legislature, says, "It would not be competent for the legislature to limit by the general act its own legislative powers, and where a contrary intent is expressed the general provisions of chapter 131 do not apply." In every instance that we have been able to find, where section 4 has been applied, it has been with reference to a new and subsequent legislative act, which affected directly or by repugnant matter, an existing act.

It is apparent that sec. 4 of chap. 131 is intended to apply alike to civil and criminal cases. It is equally apparent from the foregoing authorities that section 4 does not apply to civil cases when the statutory act granting the remedy is repealed outright without a saving clause. The same rule will prevail in criminal prosecutions for violation of statutory acts, when such acts are repealed absolutely and without an express saving clause. It then becomes the same as if it had never existed, and there is no amendatory act, or new act, in existence in order to meet the provisions of section 4 to the effect, "that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceedings," which lan-

guage clearly indicates that there must be some subsequent act, taking the place of the former act, under which the action may proceed, and such action shall then conform, so far as practicable, to the new law in force at the time such proceedings are carried forward to a final judgment.

The judgment of the county court of Whiteside county is reversed.

*Judgment reversed.*