(No. 23250.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAMUEL NORDENBERG, Plaintiff in Error.

*Opinion filed December 19, 1935—Rehearing denied Feb. 6, 1936.*

LOUIS GREENBERG, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

At the October term, 1934, a grand jury of the criminal court of Cook county returned an indictment which charged, variously, that Samuel Nordenberg on August 16, 1928, "burned" or "caused to be burned" a "certain build-

ing" the property of another. The indictment does not contain the word "arson." The court, after duly warning the defendant, accepted his plea of guilty and sentenced him to imprisonment in the penitentiary for the crime of arson. By this writ of error the defendant contends that the indictment failed to charge a punishable offense, and that the court erred in accepting his plea of guilty and in sentencing him for the crime of arson.

At the time charged, section 13 of division 1 of the Criminal Code (Cahill's Stat. 1927, p. 870,) denounced as arson the burning of specific buildings, concluding the list with the words, "or other building." Under it arson was punishable by imprisonment for from one to twenty years. Section 15 punished the burning of any barrack, cock, crib, rick or stack of hay, corn, wheat, oats, barley or other grain, etc., by imprisonment for a period of from one to six years. The defendant contends that it is impossible to tell whether he was indicted under section 13 or 15, because a "barrack" is a building. Section 15 covers only the burning of personal property and its temporary shelters, and the word "barrack," as there used, means a structure with a movable roof sliding on four posts, used to cover hay, straw, etc. (Webster's New Int. Dict. (2d ed.) unabridged.) The legislature did not use the word "barrack" in section 15 in the sense of a building in which soldiers are housed. All soldiers' barracks are buildings, and there would have been no necessity whatever to separate such a building from the list enumerated in section 13 and place it over in section 15 with the hay, corn and other personal property.

If section 13 had not been amended in 1929 the indictment would have sufficiently charged the defendant with arson. However, the defendant contends that after the amendment of 1929 he was entitled to have the case against him prosecuted in accordance with the proceedings under the amended act. He also contends that since burning a

building is now distinct from the crime of arson the Statute of Limitations is made available to him. For these reasons he says it was error for the trial court to accept his plea of guilty and to sentence him for arson.

Prior to 1929 section 16 punished attempts to burn the various kinds of property mentioned, respectively, in sections 13, 14 and 15. In 1929 section 13 was amended so that only the burning of dwelling houses and buildings usually found therewith was punished as arson. After this amendment the burning of public buildings such as churches was covered by section 16, and the punishment therefor was from one to ten years. The section covering attempts to burn is now numbered 17 instead of 16. The defendant's argument as to the uncertainty of the charge in the counts of this indictment is clearly based upon the sections as they have appeared since the 1929 amendment. This is of no avail to him, because he is governed by the law in force at the time he committed the crime. 131 S. H. A. sec. 4; Ill. State Bar Stat. 1935, chap. 131, sec. 4.

The defendant argues that our decision in *People* v. *Clavey*, 355 Ill. 358, controls the case before us. In that case we held that where the crime was committed in 1930 the defendant could not lawfully be indicted for burning a church and sentenced for arson. The reason was, that after the 1929 amendment burning a church was not arson, but in 1928 the burning of a church or any other building belonging to someone other than defendant was arson.

Since we must look to the earlier statutory provisions to determine what crime, if any, the defendant committed, and the burning of a building at the time alleged (August 16, 1928,) was arson, we hold that the defendant was properly indicted and sentenced for the crime of arson. There is nothing indefinite about either the indictment or the sentence. It follows that the court did not err in accepting the defendant's plea of guilty. There is no statute of limita-

tions for arson, and therefore the argument of the defendant that the plea of guilty was erroneously received after such prosecution was barred is without merit.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*