(No. 37372.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, vs. ROY TANNER, JR., Defendant in Error.

*Opinion filed February 1, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and CARL D. SNEED, State's Attorney, of Marion, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

R. W. HARRIS, of Marion, (DAVID A. WARFORD and DUANE T. LEACH, of counsel,) for defendant in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In this case we are called upon to determine the effect of the new Criminal Code of 1961 upon offenses committed before it became effective on January 1, 1962.

The defendant, Roy Tanner, Jr., was indicted on September 25, 1961, for the crime of statutory rape alleged to have been committed on August 29, 1961. On March 14, 1962, he moved to quash the indictment on the ground that section 237 of division 1 of the Criminal Code of 1874, which defined and fixed the penalty for the crime of statutory rape, was repealed without a saving clause by the Code of 1961, and that "the effect of the repeal of the Statutory Rape Statute was to obliterate the Statute repealed as completely as if it had never been passed, and it must be considered as a law that never existed, except for the purposes of those actions or suits which were * * * concluded while it was an existing law." The motion to quash the indictment was sustained, and the People bring this writ of error to review that ruling. Ill. Rev. Stat. 1961, chap. 38, pars. 747, 780½.

Section 237 of division 1 of the Criminal Code of 1874 was expressly repealed by section 35—1 of the Criminal Code of 1961, (Ill. Rev. Stat. 1961, chap. 38, par. 35—1) and the defendant in his argument assumes that the crime of statutory rape as it existed under the Code of 1874 was thereby abolished. For the purpose of deciding the narrow question now before us we may accept that assumption, and we need not consider the effect of section 11—4 of the Code of 1961, (Ill. Rev. Stat. 1961, chap. 38, par. 11—4,) which deals with the kind of conduct proscribed by the statutory rape provisions of the Code of 1874.

The defendant's motion to quash, and the order sustaining that motion, were based upon the proposition that the Criminal Code of 1961 contains no saving clause as to offenses committed under the repealed provisions of the Code of 1874. That proposition is patently unsound. It overlooks entirely section 34—3 of the new Code, which provides: "The provisions of Sections 2, 3 and 4 of 'An Act to revise the law in relation to the construction of the Statutes', approved March 5, 1874, as amended, shall apply in all constructions of this Code." Ill. Rev. Stat. 1961, chap. 38, sec. 34—3.

The new Code thus explicitly incorporates by reference section 4 of the Statutory Construction Act, which, so far as is relevant to the narrow question now before us, is as follows: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, * * *. This section shall extend to all repeals, either by express words or by implication, whether the

repeal is in the act making any new provision upon the same subject or in any other act."

In the face of this explicit saving clause, it can not be contended that the prosecution of an offense committed prior to January 1, 1962, is barred after that date by the repeal provisions of the Criminal Code of 1961. In *People v. Bilderback,* 9 Ill.2d 175, we reached a similar conclusion as to the effect of section 4 of the Statutory Construction Act, and we there pointed out the inapplicability of *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, and the incorrectness of *People* v. *Speroni,* 273 Ill. App. 572. These are the cases upon which the defendant primarily relies.

The judgment of the circuit court of Williamson County is reversed and the cause is remanded with directions to overrule the motion to quash the indictment.

*Reversed and remanded, with directions.*