THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY R. FLAMBEAU, Defendant-Appellant.

Third District   No. 3—84—0705

Opinion filed May 14, 1985.—Rehearing denied August 26, 1985.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Samuel Naylor VI, State's Attorney, of Carthage (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Subsequent to being charged by information with eight counts of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)) and one count of unlawful delivery or possession of a controlled or counterfeit substance (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c)), Randy Flambeau, the defendant, pleaded guilty to two counts of indecent liberties with a child, and the court dismissed the remaining charges with leave to reinstate. The defendant appeals from his sentence of two concurrent five-year terms of imprisonment.

The factual basis for the defendant's convictions was that the defendant performed or submitted to acts of sexual intercourse and lewd fondling or touching with 14- and 15-year-old female children. At the time of the offense, indecent liberties with a child was a Class 1 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(d).) Prior to the defendant's guilty plea, the statute was repealed by Public Act No. 83—1067 (the Act), effective July 1, 1984, so that an accused commits aggravated criminal sexual abuse, a Class 2 felony, when he performs an act of sexual penetration with a victim at least five years younger and between 13 and 16 years of age. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16.) The Act also provided in its saving clause that the abolition of any offense does not affect any prosecution pending, penalty, punishment, rights, powers or remedies accrued under any prior law which related to an abolished offense and that the Act was only to apply to offenses committed on or subsequent to July 1, 1984.

Class 1 felonies are punishable by a term of imprisonment of not less than four years and not more than 15 years. The imprisonment

range for Class 2 felonies is three to seven years. The trial court sentenced the defendant based on the law in effect on the date of the offenses and denied the defendant's motion to be resentenced to probation and to concurrent four-year terms as well as his request to vacate the sentencing plea.

■ The defendant initially contends on appeal that his sentence should be vacated and the cause remanded for sentencing because he was not allowed to elect his sentencing scheme. Section 4 of "An Act to revise the law in relation to the construction of statutes" provides in part that no new law shall be construed to expressly or impliedly repeal or affect a former law as to any offense committed, any penalty or punishment incurred, or any right accrued under the former law, save only that the proceedings thereafter shall conform to the laws in force at the time of the proceeding. If any penalty or punishment is mitigated by the new law, such provision may, by the consent of the party affected, be applied to judgments pronounced after the new law takes effect. Ill. Rev. Stat. 1983, ch. 1, par. 1103.

The State responds that the defendant failed to raise the issue in his motion to vacate and thus waived its consideration on appeal. Since the defendant moved to vacate his sentence and later raised the issue in a petition for post-conviction relief, justice and fundamental fairness require relaxation of the principle of waiver. (*People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710.) The State's legitimate interest in eliminating unnecessary reviews and reversals (*People v. Irwin* (1965), 32 Ill. 2d 441, 207 N.E.2d 76) cannot preclude our consideration of this issue based on a new law of which neither the court nor the State nor the defendant's attorney were cognizant. Therefore, we review the alleged error which affected the defendant's substantial rights. 87 Ill. 2d R. 615.

■ The State next argues that allowing the defendant to elect sentencing under the Act which substantively changed the nature of the offense interferes with prosecutorial discretion and is prohibited by the Act's saving clause.

We must ascertain and effectuate the legislative intent best evidenced by the ordinary meaning of the statutory language. (*Sayles v. Thompson* (1983), 99 Ill. 2d 122, 457 N.E.2d 440.) Clearly, the Act revamped sex offenses and their corresponding penalties, and was not legislatively intended to affect the prosecution or punishment of offenses committed prior to July 1, 1984. That specific legislative purpose is paramount to the general saving clause the defendant relies on (*People v. Bilderback* (1956), 9 Ill. 2d 175, 137 N.E.2d 389) and controls the case at bar. (*People v. Tanner* (1963), 27 Ill. 2d 82, 188

N.E.2d 42.) Since the Act changed the elements and thus the nature of the offense, prosecution and sentencing based on the law in effect at the time of the offense are permitted. (*People v. Palmore* (1983), 113 Ill. App. 3d 926, 446 N.E.2d 911.) Because the defendant had no right to elect sentencing under the Act, we decline to remand for a new sentencing hearing.

■ Having already determined that the defendant's sentence was not affected by the Act, we next address the defendant's contention that the trial court abused its discretion in sentencing the defendant to more than the minimum term. The defendant waives consideration of an issue on appeal by failing to raise it in the post-trial motion. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) The defendant, contrary to the State's allegation, preserved the issue for review by moving to reduce his sentence in his post-trial motion.

At the sentencing hearing, the defendant presented mitigating evidence of his responsible business and family dealings; his family background; his honesty; his ability to lead and relate to both his students and adults; and his ability to function in society. Both the defendant and his wife testified that the defendant was grieving the death of a close friend and was experiencing stress from his students' discipline problems when the offenses were committed and was frustrated by his inexperience in teaching and coaching the challenging junior high students. The defendant admitted that the two-month affairs were based on classroom friendships and his inability to resist the students' advances. The defendant stated that he regrets the victims' experiences; that he now abstains from alcohol; and that he is willing to undergo counseling.

The defendant's wife, a student and part-time employee, stated that she and her daughter need the defendant at home. In addition to highlighting the victims' repeated harassing phone calls and visits, she submitted a letter which detailed the defendant's dedicated involvement with his students' personal, psychological, disciplinary, and academic problems. Her letter further emphasized the defendant's talents, the fact that his family and friends support him; and that he has learned from his mistake in addition to being humiliated and punished by loss of employment.

Stephen Miller, the clinical psychologist who had three sessions with the defendant, opined that the defendant is a regressed offender who, due to stress, temporarily departed from his normal sexual orientation. The defendant, in his opinion, is not a risk to society since, absent the work-related stress, the defendant would not have engaged in sexual acts with his students. His conduct stemmed from his feel-

ings of incompetency. A regressed offender has a favorable nonrepetitive history, but in addition to the support from family and friends, the defendant still needs outpatient counseling.

In addition to the presentence report, the court properly considered the defendant's family life, background, and occupation as well as the mitigating evidence of his character. The court did not categorize the defendant's conduct as contemplating, causing, or threatening serious physical harm and also considered in mitigation that the defendant's unjustified conduct lacked strong provocation and that the defendant had no prior conviction. The court was not convinced that the circumstances were unlikely to recur but recognized the excessive family hardship due to imprisonment.

In aggravation, the court considered the victim's emotional and mental harm as well as the defendant's inherent professional duty to prevent the offenses and stated that the defendant took advantage of his teaching position to influence the victims and commit the offenses. Since the offenses occurred with more than one student over a two-month period, the court ruled that probation would not only deprecate the seriousness of the offenses but would also be inconsistent with the ends of justice. The court determined that the defendant violated his position of trust by being unable to resist the victim's encouragement and to handle the school pressures.

The court concluded that consecutive sentences were warranted but, after giving credit for the defendant's background, imposed two concurrent five-year terms of imprisonment. The defendant argues on appeal that the court's denial of the minimum term of imprisonment was an abuse of discretion.

To permit reasoned judgments, the trial court is vested with wide discretion to fashion penalties appropriate to the circumstances of each case. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) An appropriate sentence adequately punishes the defendant for the offense and protects the public from future offenses (*People v. Blumstengel* (1978), 61 Ill. App. 3d 1016, 378 N.E.2d 401) by considering the seriousness of the offense; by recognizing the defendant's rehabilitative potential; and by attempting to restore the defendant to useful citizenship. Absent an abuse of discretion, we do not alter the sentence imposed by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We only reduce sentences to prevent arbitrary or oppressive sentences disproportionate to the crime. *People v. Hawkins* (1971), 131 Ill. App. 2d 286, 268 N.E.2d 511.

We cannot say the defendant's punishment, which was at the lower end of the spectrum of penalties, contravenes the purpose and

spirit of the law when the offense was a calculated act of harm on another human being. *People v. Lampton* (1982), 108 Ill. App. 3d 41, 438 N.E.2d 915.

■ We find that the trial court appropriately acknowledged the mitigating evidence but was unable to ignore the defendant's derogation of his professional duties in committing the tragic offenses. The defendant was entitled to credit for his character and past good conduct and admittedly had difficulty coping with personal and employment stress. However, those facts do not excuse the fact that he violated his position of trust by submitting to his students' advances. Within the appropriate statutory limits, the court carefully considered the constitutionally and statutorily designated factors and deemed imprisonment a necessity. Reducing the defendant's sentence is inappropriate, and, therefore, we again decline to remand for resentencing.

Accordingly, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.