THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY KINER, Defendant-Appellant.

Third District   No. 3—85—0063

Opinion filed May 12, 1986.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Gary Kiner, was convicted following a bench trial of two counts of aggravated incest and two counts of rape. He was sentenced to concurrent terms of six years' imprisonment on the rape convictions only. On appeal, the defendant asserts that he was not proved guilty beyond a reasonable doubt and that the trial court erred in refusing to allow him to be sentenced under the new statute. We affirm.

The victim was the defendant's 17-year-old daughter, Kimberly. At trial, she testified to a history of sexual contact with the defendant beginning when she was in the sixth grade. During these incidents of sexual contact, Kimberly would cry. Her father would then slap her on the face to make her stop crying.

She also testified regarding two specific incidents of sexual intercourse with the defendant which formed the basis for the rape and in-

cest charges. On a morning in February 1983, the defendant awakened his daughter by fondling her breasts. He then told her to come downstairs. After a time, she went downstairs to the living room. She sat on a chair and watched television. Her father spread a quilt on the floor, grabbed her ankle, and pulled her out of her chair onto the quilt. The defendant sat on top of Kimberly. When she tried to roll away, the defendant pulled her back by her wrists. He continued holding her wrists as he removed her robe and nightgown. He then sat on her while he removed her underwear. The defendant placed her legs at an angle. Finally, despite Kimberly's efforts to resist, the defendant had intercourse with her.

The second instance of intercourse testified to by Kimberly occurred on an evening in April 1982. Kimberly was watching television in the living room at approximately 10:30 or 11 p.m. Kimberly's mother and siblings were sleeping upstairs while the defendant was asleep in the living room. The defendant awakened and spread a blanket on the floor. When Kimberly started to leave the room, the defendant gabbed her wrists and pulled her onto the blanket. The defendant held her wrists and sat on her as he removed her clothing. Despite Kimberly's efforts to resist, the defendant had intercourse with her.

Kimberly testified that her parents separated in March 1983, at which time she and her mother moved out of the family home. Kimberly informed her mother of the relationship with her father in August 1983.

La Salle County police officers Robert Scutt and Robert Newell testified for the State. At the time they arrested the defendant, the defendant acknowledged that he had attempted on two occasions to have sexual intercourse with Kimberly. He stated to the officers that on each occasion he penetrated her vagina approximately one-half inch but stopped when she complained that it hurt.

The defendant testified in his own behalf. The defendant recalled the two incidents testified to by Kimberly. Both incidents began with Kimberly and the defendant playfully wrestling. He acknowledged that he fondled and undressed Kimberly but asserted that he never had intercourse with her. He also testified that Kimberly consented to the fondling on those two occasions. The defendant denied telling La Salle County police officers that he penetrated Kimberly.

Phyllis Kiner, Kimberly's mother and the defendant's ex-wife, testified for the defendant. In her testimony, the mother stated that when the family would watch television together in the evenings, Kimberly would sometimes be dressed in only a nightshirt and under-

pants. At times, Kimberly would wrestle with the defendant or her younger brother.

The defendant argues on appeal that he was not proved guilty beyond a reasonable doubt because the State failed to prove that the sexual intercourse was by force and against Kimberly's will.

■■ ■ An accused commits rape when he has sexual intercourse with a woman "by force and against her will." (Ill. Rev. Stat. 1983, ch. 38, par. 11—1.) The testimony of the victim alone is sufficient to sustain a conviction for rape where her testimony is clear and convincing, even when her testimony is contradicted by the accused. (*People v. Baseer* (1980), 90 Ill. App. 3d 866, 414 N.E.2d 5.) The weighing of credibility of witnesses is a matter for the trier of fact. (*People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.) The determination of the trier of fact will not be altered on review unless the evidence is so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt as to the defendant's guilt. *People v. Edmond* (1979), 76 Ill. App. 3d 540, 395 N.E.2d 106.

■■ Having reviewed the evidence in the cause at bar, we find that Kimberly's testimony was clear and consistent and did not raise a reasonable doubt as to the defendant's guilt. The inconsistencies in Kimberly's testimony were minor and did not go to the issues of force and consent in the two incidents for which the defendant was charged. Moreover, the defendant's testimony was impeached with the defendant's prior inconsistent statement. Accordingly, the defendant's conviction for rape is affirmed.

■■ The defendant also argues on appeal that the trial court erred in refusing to allow him to be sentenced under the new sex-offense statute. (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 12—12 through 12—18.) At the time the defendant was charged, rape was a Class X felony. Under the new statute, the defendant's conduct would be charged as criminal sexual assault, a Class 1 felony. Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—13.

The defendant's argument was recently rejected by this court in *People v. Flambeau* (1985), 134 Ill. App. 3d 932, 481 N.E.2d 740. In *Flambeau*, we held that the defendant had no right to elect sentencing under the new statute (134 Ill. App. 3d 932, 934-35, 481 N.E.2d 740.) Based on the reasoning in *Flambeau*, we find that the trial court did not err in sentencing the defendant.

■■ Finally, the State has filed a motion, taken with the case, to assess the costs of representation by the office of the State Appellate Defender against the defendant for the reason that the defendant is not indigent.

The affidavit of assets and liabilities filed by the defendant shows assets of: (1) a 50% interest in an $80,000 home; (2) a 50% interest in 69 acres of land; (3) farm machinery; and (4) earnings of $778 per month. The defendant's liabilities include a loan on the farm machinery and a $30,000 debt to the ex-wife. The total amount of indebtedness is $99,414.73.

Given that the defendant's debts roughly equal his assets, we could find the defendant indigent. However, nothing on the defendant's affidavit indicates that his monthly income of $778 is in any way impaired or committed. Thus, based on the monthly income, we find that the defendant is not indigent.

Counsel for the defendant was appointed under Supreme Court Rule 607 (87 Ill. 2d R. 607). Under section 113—3.1 of the Code of Criminal Procedure of 1963, whenever counsel is appointed under Rule 607, the court may order the defendant to pay reimbursement for the cost of court-appointed counsel. (Ill. Rev. Stat. 1983, ch. 38, par. 113—3.1.) Therefore, the State's motion for reimbursement in the sum of $2,500 is allowed.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.