THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH JUBAN, Defendant-Appellant.

Third District   No. 3—86—0292

Opinion filed April 6, 1987.

Joseph C. Polito, of Kozlowski, Polito & Feeley, of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Robert P. Arnold, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Defendant, Joseph Juban, appeals from the judgment of the circuit court of Will County, Illinois, which resulted in the six-month suspension of his driving privileges. Juban raises two issues on appeal arising out of the April 3, 1986, implied-consent hearing. Juban contends that (1) the trial court erred by not granting his motion to dismiss on the grounds that Public Act 82—783 (Ill. Rev. Stat. 1985, ch. 95, par. 11—501.1.), could not be enforced or applied after January 1, 1986, and (2) there was insufficient evidence to support a finding of probable cause to believe he was driving under the influence of alcohol.

Juban was arrested and charged with the offense of driving under the influence of alcohol (DUI) on November 16, 1985. Officer Robert Harlan testified that he observed Juban heading westbound on Route 7 in Lockport when the driver failed to stop at a traffic light and turned left without the use of a turn signal. Officer Harlan activated his red lights and pursued Juban. Officer Harlan followed Juban until he came to a stop in his driveway. When Officer Harlan stated the reason for the stop and asked Juban for his driver's license, Juban handed him another card, stating that it was his lawyer's card. Juban stated that because he was in his driveway, he did not have to give the officer his driver's license. Officer Harlan persisted and Juban finally relinquished his license.

Juban refused to perform a field sobriety test and Officer Harlan noticed that his eyes were "a little bit glassy." Officer Harlan noticed that Juban was swaying a bit when he exited his car and could detect the moderate odor of an alcoholic beverage. Juban again refused to take a field sobriety test. Officer Harlan placed Juban under arrest for DUI and handcuffed him. After speaking with the defendant, Officer Harlan stated that if he released Juban and Juban went straight into the house there would be no problems. However, in the course of uncuffing Juban, Juban became combative, stated that he wanted to go down to the station, and attempted to strike the officer. Officer Harlan recuffed Juban and took him to the police station.

At the police station, Officer Harlan read Juban the implied-consent warning and requested that Juban take a breathalyzer test,

which he refused to do. At the implied-consent hearing, the circuit court found that Juban had been arrested for DUI, that the officer had reasonable cause for the arrest, and that Juban had refused to submit to a breathalyzer test. As a result, the court imposed a six-month suspension of driving privileges.

■ Juban's first contention is that the repeal and amendment of Public Act 82—783 by Public Act 84—272, both codified as section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1), prevented the State from pursuing its prosecution in this matter. In support of his position, Juban cites *People v. Speroni* (1934), 273 Ill. App. 572. In *Speroni*, the appellate court held that the conviction of a defendant who had sold intoxicating liquor in violation of the Illinois Prohibition Act must be reversed when that act was repealed while the case was pending in the appellate court. The *Speroni* court construed section 4 of the Statutory Construction Act (Ill. Rev. Stat 1985, ch. 1, par. 1103), which states:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law ***, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. *** This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision on the same subject or in any other act."

Relying on and emphasizing the first portion of the statute quoted above, the *Speroni* court concluded that the section was intended to apply only to new acts of legislation amending existing acts, or to subsequent legislation which by repugnant provisions repealed or changed certain portions of an existing act. Although not expressly overruling *Speroni*, the Illinois Supreme Court criticized the holding, recognizing that hard cases often make bad law, in *People v. Bilderback* (1956), 9 Ill. 2d 175, 137 N.E.2d 389.

We hold that the circuit court was correct in denying Juban's motion to dismiss and adopt the following language from *Bilderback* as dispositive in this case:

"Nowhere in the combination of circumstances out of which this problem arose is there a suggestion that the legislature was expressing its purpose that conduct which took place before the statutory change should no longer be criminal. No thought of a general pardon for those who had committed the offense here involved can be distilled from the circumstances of this legislative change. The case falls squarely within the terms

of the Statutory Construction Act." 9 Ill. 2d 175, 181-82, 137 N.E.2d 389, 393.

■ In determining that this case was not erroneously prosecuted, we also hold that the circuit court was correct in its determination that reasonable grounds, *i.e.*, probable cause, to believe that Juban was driving under the influence of alcohol existed at the time of his arrest. Probable cause exists where facts and circumstances known to the arresting officer are sufficient to warrant a person of reasonable caution to believe the offense has been committed. The State must establish this basis by a preponderance of the evidence, and the determination that probable cause existed will not be overturned on appeal unless, from the record, that determination is manifestly erroneous. (*People v. Spencer* (1982), 107 Ill. App. 3d 835, 438 N.E.2d 603.) The court's determination was supported by the evidence in this case.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.