THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES D. HAGGARD, Defendant-Appellant.

Fourth District   No. 4—85—0106

Opinion filed May 21, 1986.

Burger, Fombelle, Baxter, Zachry & Rathbun, P.C., of Decatur (Jon C. Baxter, of counsel), for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, James Haggard, pleaded guilty to one count of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3)) and was sentenced to a four-year term of imprisonment by the circuit court of Macon County. Defendant appeals from the denial of his motion to withdraw his plea and to vacate his conviction and sentence thereon.

The facts of the case are not in dispute and will be referred to only as needed to explain our resolutions of the issues on appeal. The issues are: (1) whether defendant pleaded to an invalid or void charge; (2) whether the sentencing court considered improper evidence in imposing a sentence of imprisonment; and (3) whether the sentencing court abused its discretion in denying defendant a sentence of probation.

██ Defendant first argues that his conviction may not stand because the statutory section under which he was charged and to which he pleaded guilty was repealed prior to the filing of the charging instrument and defendant's arrest. The offense as charged occurred in June of 1984. Effective July 1, 1984, the legislature repealed section 11—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 11—4) and enacted a series of new sex offenses under article 12. (Ill.

Rev. Stat. 1985, ch. 38, par. 12—12 *et seq.*) Defendant was arrested on July 7, 1984, and the charging instrument was filed in the circuit court on July 10, 1984.

Defendant posits that, to be valid, the charging instrument, charging him under the prior statute, had to be filed prior to July 1, 1984, the effective date of Public Act 83—1067, which created new sex offenses and repealed sections 11—1 to 11—5 of the Criminal Code of 1961. The State argues, *inter alia*, that the defendant's position is untenable in light of two legislative provisions directed to repealers in general and in particular to the amendatory act of 1983.

Section 4 of "An Act to revise the law in relation to the construction of statutes" (Ill. Rev. Stat. 1983, ch. 1, par. 1103) (hereinafter the Statutory Construction Act) is incorporated into the Criminal Code of 1961 by virtue of section 34—3 (Ill. Rev. Stat. 1983, ch. 38, par. 34—3). (*People v. Tanner* (1963), 27 Ill. 2d 82, 188 N.E.2d 42.) That section provides in pertinent part:

> "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect \*\*\*. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act."

The foregoing provision expressly validates a conviction entered after repeal of the law violated, so long as the offense was committed while the repealed law was still in effect. The validity of such conviction is unaffected by the fact that charges are not filed until after the effective date of the repealer. (*People v. DeStefano* (1965), 64 Ill. App. 2d 389, 398, 212 N.E.2d 357, 362, quoting *People v. Bilderback* (1956), 9 Ill. 2d 175, 181, 137 N.E.2d 389, 393.) Moreover, by its terms, the general savings clause of the Statutory Construction Act governs in the event the language of a specific savings clause creates doubt as to the validity of a conviction under a repealed statute.

Section 27 of "An Act to create the offenses of criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse and aggravated criminal sexual abuse and repealing various offenses and amending various Acts in relation thereto" (Public Act 83—1067, eff.

July 1, 1984), reads as follows:

"Saving clause, construction. The abolition of any offense by this Act does not affect any prosecution pending, penalty, punishment, disqualification from office or employment, forfeiture incurred, or rights, powers or remedies accrued under any law in effect immediately prior to the effective date of this amendatory Act of 1983, which related to the abolished offense. The provisions of this amendatory Act insofar as they are the same or substantially the same as those of any prior statute, shall be construed as a continuation of such prior statute and not as a new enactment.

This amendatory Act of 1983 shall only apply to those persons who commit offenses prohibited under Sections 12—13 through 12—16 of the Criminal Code of 1961, as amended, on or after the effective date of this amendatory Act."

The legislature thus expressly provided that defendant could not have been charged under the new sections for an offense committed prior to July 1, 1984.

Defendant's theory that he is entitled to a vacatur of his conviction on grounds that a prosecution was not "pending" simply because the State did not file charges for the offense prior to July 1, 1984, defies logic and case precedent. If, for example, an accused is charged with having committed any of the former sex offenses described in sections 11—1 through 11—5 at 11:59 p.m. on June 30, 1984, under defendant's theory, it would be impossible for the State to bring valid charges against the accused for such conduct. We have no doubt that the legislature could not have intended such absurd consequences. We hold that any ambiguity created by the expression "prosecution pending" is resolved in the State's favor by the general savings clause of the Construction of Statutes Act. Accordingly, we reject defendant's challenges to the validity of his conviction.

■ In his reply brief, defendant raises for the first time, as an alternative to his contention that he pleaded guilty to a void charge, the argument that he should have been allowed to elect sentencing under the new act. (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c).) Under section 11—4, indecent liberties is a Class 1 felony (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(d)). Aggravated criminal sexual abuse under section 12—16 of the new act is a Class 2 felony (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(e)). As aforesaid, the defendant was both charged and sentenced after the effective date of the new act. The choice of statutes to be applied in sentencing is a matter that could have been raised by defendant in the trial court, but was not. Accordingly, the

issue has been waived and need not be considered on appeal.

■ Defendant's challenge to the admission of evidence of other sexual misconduct with children as presented to the sentencing court is not well taken. The record demonstrates that the court refused admission of testimony by very young children and the hearsay reporting of defendant's misconduct by children to their parents. At the sentencing hearing, an eight-year-old female victim testified to several acts of sexual misconduct towards herself and other children, as alleged in charges that were dismissed pursuant to the defendant's plea agreement with the prosecution. The child's testimony, while uncorroborated, was shown to be sufficiently reliable to be properly considered by the court in determining an appropriate sentence. See *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 381 N.E.2d 415 (where the court on review held that, in sentencing a sex offender, contradictions in testimony by child victims went to the weight of the evidence only and did not require corroboration of proof).

■ Finally, defendant contends that the sentencing court abused its discretion in imposing a sentence of imprisonment for the minimum term of four years. We find defendant's argument without merit. The sentencing court's reasons for rejecting a sentence of probation comport with the statutory requirement that the court's reasons be specified on the record. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—1(c).) The court expressly considered factors in mitigation and aggravation. In mitigation, the court found no prior criminal history (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1(a)(7)), but given the private nature of the offense, the court did not attribute significant weight to this factor. In aggravation, the court found that a term of imprisonment was necessary to deter others (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(7)). Considering as well the age of the victim and evidence of misconduct toward other children entrusted to the care of defendant and his wife, the court concluded that a term of probation would not be appropriate. Despite defendant's request that he receive probation, the record fails to demonstrate any abuse of the court's discretion in sentencing him instead to a term of imprisonment. Accordingly, we will not disturb the decision of the court in this review.

For the foregoing reasons, we affirm the judgment of the circuit court of Macon County.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.