THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JERRY LEE LEWIS, Defendant-Appellant.

First District (3rd Division)   No. 86—328

Opinion filed September 21, 1988.—Rehearing denied October 19, 1988.

Steven Clark and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., John A. Gasiorowski, and Sharon K. Bachert-Bedford, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Jerry Lee Lewis, was convicted of murder and armed robbery and sentenced to consecutive terms of 40 years for murder and 30 years for armed robbery. On appeal, defendant argues that (1) the trial court erred in denying defendant's pretrial motion to sup-

press; (2) the consecutive sentences imposed upon defendant were improper; (3) the trial court abused its discretion when sentencing defendant by failing to give proper consideration to mitigating factors and the possibility of rehabilitation; and (4) the trial court erred in failing to afford defendant an opportunity to exercise his right of allocution. We affirm.

On October 25, 1984, Maeretha Goode and her sister, Jearlean McDuffy, were sitting in a parked car selling drugs on 5th and California Street. Two men, later identified as defendant and Eugene Davison, approached the car. Defendant approached the driver's side of the vehicle and Davison approached the passenger side. Both defendant and Davison pulled out guns. Defendant fired through the window on the driver's side of the vehicle, hitting Goode in the temple. The car pulled out in the street and hit a parked car. Davison broke the window on the passenger side and attempted to open the door. McDuffy opened the door and Davison pulled her from the car.

Both defendant and Davison searched Goode. McDuffy had escaped and went to a restaurant to call the police. As she was exiting the restaurant, she saw both defendant and Davison walking away from the car with Goode's purse and a bag that had been in the car.

Claude Benson witnessed the entire incident across the street from the parked car. Benson saw defendant and Davison draw their guns and saw defendant shoot into the car. Benson recognized defendant as a friend and as someone with whom he had attended grade school. After the shooting, Benson took Goode to Cook County Hospital but she later died from the gunshot wounds. Benson told the investigating police officers that he witnessed defendant kill Goode.

Two days after the murder, McDuffy identified defendant from several photos as the person who shot her sister in the head. Defendant was subsequently arrested and placed in a lineup. McDuffy once again identified defendant as the person who shot her sister.

While in custody, defendant gave a statement to Assistant State's Attorney Earl Grinbarg. Prior to giving his statement, defendant was read his *Miranda* rights and acknowledged such in his statement. According to defendant's statement, he was approached by two men who asked him if he wanted to make $5,000. These men told defendant to rob the two women selling cocaine but there was to be no shooting. Defendant and the other individual with him approached the car and bought some cocaine. The women sold the cocaine but then drove off quickly. Defendant and this other man followed the two women. When the women returned to the same spot, defendant and this man approached the car. Both defendant and the other man

pulled out their guns. When defendant broke the side window of the car with the barrel of his gun, the gun went off. The car started to move and the other man pulled the passenger from the car. The car hit a parked car and both men searched it. They found about $600 and left.

Defendant was questioned as to whether he had been mistreated by the police or whether anyone had made any threats or promises to him. To both of these questions, defendant responded no.

Prior to trial, defendant made a motion to suppress this statement. Defendant alleged that he was not informed of his rights and that his statement was the result of physical and mental coercion. At the hearing, two police officers testified that they had defendant under their constant surveillance. At no time, according to the officers, was defendant beaten or threatened by anyone. Defendant testified that his statement was not voluntary because he had been beaten for 15 minutes with handcuffs and a flashlight. Medical reports from Cook County Jail and Cermak Hospital concerning defendant's health were introduced. These reports established that when defendant was examined on November 12, 1984, he was in good health and no marks were apparent on his body.

After the hearing, the trial court denied defendant's motion, stating:

> "I find the police officers' testimony on this question to be credible and consistent. The defendant's testimony is unsupported by the record and is subject to some questions in terms of consistent testimony and it is contrary to the complaint and he has not even raised the issue of the police at the County Jail until one month after this particular beating. The motion to suppress is denied."

At trial, defendant presented two alibi witnesses. Both witnesses testified that on the night of the shooting, defendant was with them playing dominos. Defendant also testified that he was with the two alibi witnesses playing dominos and did not leave the residence at all that night.

Following deliberation, the jury found defendant guilty of murder and armed robbery. At the sentencing hearing, the State offered defendant's past criminal history in aggravation. In mitigation, the defendant argued that the State never proved any intent to murder but just that he acted recklessly. After the defense concluded its factors in mitigation, without asking defendant if he had anything to say, the court sentenced defendant to consecutive terms of 40 years for murder and 30 years for armed robbery. This appeal followed.

Defendant first argues that the trial court erred in denying his pretrial motion to suppress. It is defendant's position that his statement was the product of physical and mental coercion and was therefore involuntary. We find defendant's argument without merit.

■■ ■ The State has the burden of establishing the voluntariness of a defendant's confession by a preponderance of the evidence. (*People v. King* (1986), 109 Ill. 2d 514, 525, 488 N.E.2d 949, 955.) The State must show that the will of the accused was not overcome at the time he confessed and that the confession was made free of compulsion or inducement of any sort. (*People v. Madden* (1986), 148 Ill. App. 3d 988, 996, 501 N.E.2d 1297, 1302; *People v. Veal* (1986), 149 Ill. App. 3d 619, 622, 500 N.E.2d 1014, 1017.) Such a determination must take into account the totality of the circumstances surrounding the confession, including but not limited to the existence of any threat, promises or physical coercion. (*People v. Rhodes* (1983), 119 Ill. App. 3d 1002, 1008-09, 457 N.E.2d 1300, 1305-06.) The trial court has discretion to determine whether, based upon the totality of the circumstances, a defendant's statement was made voluntarily. Thus, on review, the sole question is whether the trial court's determination is contrary to the manifest weight of the evidence. *People v. McDermott* (1985), 141 Ill. App. 3d 996, 1005, 490 N.E.2d 1293, 1298-99.

■■ In the present case, there is ample evidence in the record to support the trial court's finding that defendant's statement was made voluntarily. As the trial court correctly observed, defendant's assertions and testimony of an involuntary statement are not supported by the record. Both police officers testified that no one struck, beat, threatened or made any promises to induce defendant to make his statement. In the body of his statement, defendant stated that he had not been mistreated nor had any threats or promises been made to him. Moreover, in the medical reports that were submitted, there was no indication of bruises or marks on defendant's body nor did defendant make any complaint to the paramedics of marks or bruises. To the contrary, no complaint was registered by defendant until nearly one month after his confession.

In evaluating the merits of defendant's motion to suppress, the trial court observed not only the foregoing evidence but also that the testimony of the police officers was far more credible than that of defendant. The record evinces that the trial court was correct in making such a determination and we therefore conclude that the trial court's denial of defendant's motion to suppress was not against the manifest weight of the evidence.

Defendant next argues that the consecutive sentences imposed by

the trial court were improper. Defendant asserts that the only statutory justification for the consecutive sentences is the fact that severe bodily injury was inflicted during one of the offenses. According to defendant, because severe bodily harm was a factor inherent in the offense, the trial court could not properly rely on this factor to enhance his sentence. We find this argument devoid of merit.

The Unified Code of Corrections provides in part:

"(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b).

█ A trial judge is not required to recite the language of the statute in reaching its determination that a consecutive sentence is warranted. The statute requires only that "the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public." (*People v. Steppan* (1985), 105 Ill. 2d 310, 322, 473 N.E.2d 1300, 1306.) Moreover, it is within the trial court's discretion to determine whether multiple terms of imprisonment are to be served concurrently or consecutively and the decision will not be disturbed absent a showing of an abuse of discretion. *People v. Paino* (1985), 137 Ill. App. 3d 645, 653, 484 N.E.2d 1106, 1112.

Defendant relies on *People v. Martin* (1988), 119 Ill. 2d 453, 519 N.E.2d 884, to support his claim that the imposition of consecutive sentences was improper. In *Martin*, our supreme court held that in sentencing, a trial judge may not consider the victim's death as an aggravating factor in sentencing the defendant. (119 Ill. 2d at 458, 519 N.E.2d at 888.) However, defendant has not pointed to any evidence nor does the record reflect any statements of the court to substantiate his claim that the trial court relied on "the victim's death" as an aggravating factor in imposing consecutive sentences.

█ The record in the instant case evinces that the trial judge reviewed a number of factors which he believed warranted the imposition of consecutive sentences upon defendant. At the time defendant was arrested and charged with the instant offenses, he had been convicted of indecent liberties with a child in 1976, auto theft in 1979 and rape in 1980. Defendant was released on parole for his rape conviction on September 10, 1984. Less than two months later, on October 25, 1984, defendant robbed and murdered Goode. Based upon these factors as well as the presentence investigation report, the trial judge

stated, "I think Mr. Lewis is an extremely dangerous person." The trial judge's comment indicates that the imposition of a consecutive sentence was based upon his belief that such a sentence was necessary to protect the public from defendant. Therefore, we conclude that the trial judge properly sentenced defendant to consecutive sentences.

Defendant next argues that the trial court erred in sentencing defendant by not giving proper consideration to mitigating factors offered by defendant as well as the possibility of defendant's rehabilitation. We disagree.

■ It is well settled that the imposition of a sentence is a matter of judicial discretion. A trial court's determination of a sentence is entitled to great deference and weight on appeal because it is in a better position than a reviewing court to determine the proper sentence. Thus, absent an abuse of discretion, the trial court's determination will not be disturbed on appeal. (*People v. Lipa* (1982), 109 Ill. App. 3d 610, 614, 440 N.E.2d 1062, 1065.) Factors to be considered in sentencing a defendant include but are not limited to a defendant's (1) demeanor and character; (2) mentality; (3) abnormal or subnormal tendencies; and (4) natural inclination or aversion to commit crime. *People v. Reese* (1984), 121 Ill. App. 3d 977, 989, 460 N.E.2d 446, 454.

At the sentencing hearing, the State introduced evidence of defendant's criminal background. In mitigation, defendant stated that (1) the State never proved that he had any intent to murder Goode but only that he acted recklessly; (2) his father was ill and therefore neither of his parents were available to attend the hearing; and (3) the victim was not a law-abiding citizen, but a person who was dealing in drugs.

In rendering defendant's sentence, the trial judge stated:

"I'll be frank with you. I think Mr. Lewis is an extremely dangerous person that should be put away in the penitentiary for as long as I can possibly do it.

\* \* \*

He's on parole for rape. He's got—this is the third felony conviction in the last ten years. One a Class 1, one a Class X, and this is a murder. He has other felonies involving the Illinois Vehicle Code. He's just a real dangerous guy."

■ In light of defendant's background and flagrant disregard for the boundaries of the law, we cannot say that the trial court abused its discretion in sentencing defendant. Nor can we say that the trial court did not properly consider the mitigating factors offered by defendant or defendant's rehabilitative potential. Although mitigating

factors were presented, the trial court clearly recognized defendant's natural inclination to repeatedly engage in criminal conduct. Thus, we conclude that the trial court properly considered all necessary factors in sentencing defendant.

Defendant also argues that the trial court erred in failing to afford defendant an opportunity to exercise his right of allocution. We find this argument without merit. Based upon our reading of the record, defendant was afforded ample opportunity to present evidence in mitigation and be heard at the sentencing hearing. The failure of the court to request of defendant if he wished to make a statement is a technical error which does not automatically require reversal. *People v. Spiler* (1975), 28 Ill. App. 3d 178, 182, 328 N.E.2d 201, 204.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P.J., and NcNAMARA, J., concur.