THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK MUNN, Defendant-Appellant.

Third District No. 3—90—0809

Opinion filed August 2, 1991.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Mark Munn, appeals his eight-year sentence for four burglary convictions (Ill. Rev. Stat. 1989, ch. 38, par. 19—1). We affirm.

The record shows that the defendant entered an open plea of guilty to four counts of burglary. At the guilty plea hearing, the court admonished him as required by Supreme Court Rule 402 (134 Ill. 2d R. 402). In particular, the defendant was informed that he was eligible for an extended term because he had committed the same or greater class felony within the past 10 years.

The factual basis for the pleas showed that on March 21, 1990, the Coleta Convenience Store in Coleta, Illinois, was burglarized. On March 23, 1990, and again on March 24, 1990, Arnie's Happy Spot in Deer Grove, Illinois, was burglarized. The First Evangelical Lutheran Church of Jordan, located in Whiteside County, Illinois, was also found burglarized on March 24, 1990. Two officers of the Whiteside County sheriff's department would have testified that after receiving *Miranda* warnings, the defendant and a codefendant admitted their involvement in the commission of each of the burglaries.

According to the presentence report, twice in 1987 the defendant was hospitalized suffering from depression and alcohol abuse. He was discharged to a residential treatment program for a 30-day assessment and treatment. The defendant left the program after only two days, before treatment goals could be formed.

In September of 1989, the defendant was convicted of attempted obstruction of justice in Bureau County, Illinois. In October of 1989, he was convicted of unlawful consumption of alcohol by a minor. In November of 1989, he was again convicted of this offense, placed on one year of conditional discharge, and ordered to undergo an alcohol evaluation within 30 days, with treatment to be completed within four months. The defendant failed to undergo the evaluation. In June of 1990, the defendant was convicted of driving under the influence of alcohol.

The report also showed that in April of 1989, the defendant was placed on probation for two years following a burglary conviction in Cook County. He was also convicted of violating his bail bond in Cook County and sentenced to six months in the county jail and an addi-

tional year of probation. The defendant was still on probation when the instant offenses occurred.

On June 13, 1990, the defendant pled guilty in Bureau County to four counts of burglary and one count of attempted burglary for offenses occurring in March of 1990. The defendant was sentenced to six years' imprisonment for the four burglary counts and three years' imprisonment for the attempted burglary.

The presentence report also showed that the defendant had been employed full time grading lumber at a sawmill in Missouri from July 1987 to August 1988. After being laid off due to a work-related injury, he was sporadically employed. The defendant was engaged to be married on August 1, 1990. Following his arrest in the instant case, he attempted suicide and was subsequently diagnosed as being alcohol dependant.

Patrick Carney, a Whiteside County sheriff's detective, testified at the defendant's sentencing hearing. According to Carney, following his arrest for the instant burglaries, the defendant confessed his involvement in these burglaries, as well as several other uncharged burglaries he had also committed in Whiteside County during March of 1990. The defendant was cooperative with Carney and told him that his drinking problem contributed to his involvement in the burglaries.

Following arguments of counsel, the court stated that it had reviewed all the factors in aggravation and mitigation. It then imposed an eight-year term of imprisonment, to run concurrently with the six-year sentence for the Bureau County burglaries. The court then asked the defendant if he wanted to make a statement. The defendant said he wanted to apologize to the owners of the businesses he burglarized. He also stated that he committed the burglaries because he was "going for alcohol and liquor."

The defendant subsequently filed a motion to withdraw his plea, alleging that at the time of his plea he was not aware of what he was doing and lacked a complete understanding of the consequences of his plea. Counsel filed the requisite Supreme Court Rule 604(d) certificate (134 Ill. 2d R. 604(d)). At the hearing, the defendant stated that he did not understand his rights, nor the defenses which could have been raised. He also complained that his sentence was too long. The court found that the defendant had understood the possible consequences of his plea and denied the motion.

On appeal, the defendant first argues that the trial court failed to comply with Supreme Court Rule 605(b)(5) (134 Ill. 2d R. 605(b)(5)). He contends the court should have provided him with a free copy of the transcript of his sentencing hearing since he filed his motion to

vacate his guilty plea because he felt his eight-year extended sentence was excessive. We note that the defendant did receive a copy of the transcript of his guilty plea hearing, which his counsel reviewed prior to the hearing on the motion.

In support of his argument, the defendant relies on cases which have construed Supreme Court Rule 604(d): *People v. Vickery* (1991), 207 Ill. App. 3d 574, 566 N.E.2d 495, and *People v. Mabry* (1991), 209 Ill. App. 3d 976. We find those cases inapposite to the case at bar.

Supreme Court Rule 604(d), entitled "Appeal by Defendant from a Judgment Entered upon a Plea of Guilty," contains conditions precedent which a defendant must fulfill to preserve his right to appeal. In both *Vickery* and *Mabry*, this court remanded the causes for further post-plea proceedings in compliance with the portion of Rule 604(d) which provides that the defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

■ In contrast, Supreme Court Rule 605(b), entitled "Advice to Defendant On Judgment and Sentence Entered on a Plea of Guilty," provides in pertinent part as follows:

> "In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> (1) that he has a right to appeal;
>
> (2) that prior to taking an appeal he must file in the trial court *** a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty; [and]
> * * *
> (5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions ***." 134 Ill. 2d R. 605(b)(5).

■ The defendant would have us impose a strict obligation upon the trial court to provide indigent defendants with transcripts of their sentencing hearings. We find no such requirement in Rule 605(b). In contrast to Rule 604(d), which clearly calls for providing a transcript of the plea hearing anytime an indigent defendant seeks to withdraw his guilty plea, Rule 605(b) merely mandates that the court shall ad-

vise the defendant of his right to request a transcript of his plea and sentencing hearings. At that point, it is the defendant's obligation to request the transcript of the sentencing hearing if he needs it.

Here, the trial court properly advised the defendant pursuant to Rule 605(b). The defendant made no request for a transcript. Accordingly, no error occurred.

■ At one point in his Rule 605(b) argument, the defendant also contends that he was denied his right of allocution since the trial court asked him if he wished to make a statement after it had already imposed sentence. We disagree.

The failure of the trial court to ask a defendant if he wishes to make a statement is a technical error which does not require reversal. (*People v. Lewis* (1988), 175 Ill. App. 3d 156, 529 N.E.2d 752.) The instant defendant was afforded ample opportunity to present evidence in mitigation and to be heard at the sentencing hearing. Through the evidence and testimony presented at the sentencing hearing, the court had already been made aware of the defendant's asserted remorse for the burglaries and his belief that they were induced by alcohol. Therefore, no error occurred in this regard at the sentencing hearing.

■ The defendant next argues that the court erred in imposing an eight-year, extended-term sentence for the offense of burglary. He contends the court failed to give sufficient mitigating weight to his alcohol problem and to the other mitigating factors.

Burglary is a Class 2 felony, punishable by not less than three and not more than seven years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, pars. 19—1(b), 1005—8—1(a)(5).) Where the defendant has committed within the past 10 years a felony of the same or greater class, he may be sentenced to not less than 7 and not more than 14 years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(4).) The imposition of a sentence is a matter of judicial discretion, and absent an abuse of that discretion, the sentence of the trial court may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Where mitigating evidence is before the court, it is presumed the judge considered the evidence, absent some indication other than the sentence itself to the contrary. *People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.

We find no abuse of discretion by the trial court. The defendant was on probation for burglary when he committed the instant offenses and the Bureau County burglaries. Altogether, excluding the instant convictions, the defendant had six prior burglary convictions. Additionally, he had committed numerous other crimes. Alcohol appears to have played a role in inducing some of his crimes, but he has

never followed through on any attempts to overcome his problems. The trial court imposed a prison term only one year over the minimum extended term of imprisonment and only two years over the concurrent term imposed in Bureau County. Under these circumstances, we find that the defendant's eight-year sentence was not excessive.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

BARRY and McCUSKEY, JJ., concur.